UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

**Hon. Hugh B. Scott**

13CR256A

v.

**Order**

BRIAN MORATH,

Defendant.

This matter is referred to the undersigned to hear and determine pretrial matters pursuant to 28 U.S.C. § 636 (b)(1)(A) and, pursuant to 28 U.S.C. § 636(b)(1)(B), to submit proposed findings of fact and recommendations for the disposition of any motion excepted by 28 U.S.C. § 636(b)(1)(A) (Docket No. 10).

The instant matter before the Court is the defendant's omnibus motion (Docket No. 17) which seeks the following relief:   discovery; production of Federal Rules of Evidence 404(b), 608, 609 materials; disclosure of Brady materials; early disclosure of Jencks Act materials; preservation of rough notes (id.).

The Government has filed responding papers (also seeking reciprocal discovery, Docket No. 18, Gov't Response at 13-14), and oral argument was heard on March 19, 2014 (Docket No. 19), and continued through December 1, 2014 (Docket No. 32; see also Docket Nos. 26, 27, 28, 30, 31), and the motions then were deemed submitted (Docket No. 32).

**BACKGROUND**

Defendant is charged with a single count of transmitting, in interstate commerce, a

threatening text (Docket No. 9, Indict.).   The Indictment also asserts a forfeiture allegation

claiming $175,000 (id.).   All this allegedly was in violation of 18 U.S.C. § 875(b) and the

forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(d) (id.).

**DISCUSSION**

I.      Discovery

The defendant first seeks various items of pretrial discovery (Docket No. 17, Def. Atty.

Affirm. ¶ 3).   Although there is no general constitutional right to pretrial discovery in a federal

criminal case, a defendant does have a pretrial discovery right with respect to certain matters.   For

example, under the Fifth Amendment's due process clause, a defendant is entitled to specific

exculpatory evidence which is material either to guilt or punishment.   In addition, the

Government has certain disclosure obligations under Rule 16 of the Federal Rules of Criminal

Procedure and the Jencks Act, 18 U.S.C. § 3500.

Pursuant to Rule 16(a)(1)(C), defendant specifically seeks production of various

documents, books, records, photographs, and other tangible objects in the possession, custody or

control of the Government.   Defendants identify several specific categories of items which they

seek to be produced.

The Government's response to these specific requests is that it produced FBI FD-302

reports, copies of audio recordings , offered to produce text messages and consent to search form

signed by Amy Morath regarding the search of a Sheridan Drive, Town of Tonawanda, New York,

residence, and other tangible materials (Docket No. 18, Gov't Response at 4-5, 6).

Pursuant to Rule 16(a)(1)(D), the defendant has requested the production of the results of any scientific tests.   The Government responds that it made such tests available to defendant (Docket No. 18, Gov't Response at 5).   The Court assumes that the Government's production has satisfied the defendant's request in this regard.

Pursuant to Rule 12(d)(2), defendant also requests that the Government give notice of its intention to use at trial any evidence which is discoverable under Rule 16.   Such notice, under the rules, avoids the necessity of a defendant having to move to suppress evidence which the Government does not intend to use.   The Government indicates that it intends to use all the evidence.

Pursuant to Rule 16(a)(1)(E), defendant seeks a written summary of any expert testimony that the Government intends to use in its direct case, along with the expert's qualifications, and the basis for the expert's opinion, whether or not the expert files a report.   The Government states that it will comply with this request as directed by this Court (Docket No. 18, Gov't Response at 5-6). This satisfies this request upon compliance with the timing set by the District Judge in the final pretrial Order.

II.     Federal Rules of Evidence 404(b), 608, 609

Defendant next requests, pursuant to Federal Rule of Evidence 404(b), evidence of prior bad acts that the Government intends to use in its case-in-chief (Docket No. 17, Def. Atty. Affirm. ¶¶ 4-7).   The defendant also requests disclosure of all evidence of prior bad acts that the Government intends to use for impeachment of the defendant should he testify at trial, pursuant to Rules 608(b) and 609(a) (id. ¶¶ 8-11).

3

Rule 404 requires that the defendant be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial."   The Government has represented that it has provided the defendant with its intention to use defendant's prior bad acts (Docket No. 18, Gov't Response at 7).   This is sufficient in this case.

As for Rule 608, the Government denies that defendant is entitled to receive impeachment information (<u>id.</u> at 8-9).   As for Rule 609, the Government states that it will provide defendant's prior conviction record and reserved the right to produce additional evidence of prior convictions if such exist (<u>id.</u> at 9).

III.   <u>Brady</u> Materials

Defendant has requested that the Government disclose all materials potentially favorable to the defendant, including information to be used for the impeachment of the Government's witnesses, as required under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny.   <u>Brady</u> material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment.   Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching . . . [and] [a]ny and all records and information revealing prior misconduct . . . attributed to the [Government's] witness."   <u>United States v. Kiszewski</u>, 877 F.2d 210 (2d Cir. 1989).

The defendant's motion identifies numerous specific categories of documents encompassing both exculpatory and impeachment <u>Brady</u> materials which they seek to obtain. The Government's written response is that it is cognizant of its duty under <u>Brady</u> and agreed to provide impeachment <u>Brady</u> material (Docket No. 18, Gov't Response at 9, 11).

This Court believes that fundamental fairness and the constitutional due process requirements which underlie <u>Brady</u> mandate that the Court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined <u>Brady</u>/Jencks material.   Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, . . . sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial . . . so that those abhorrent lengthy pauses at trial to examine documents can be avoided."   <u>United States v. Percevault</u>, 490 F.2d 126 (2d Cir. 1974); <u>United States v. Green</u>, 144 F.R.D. 631 (W.D.N.Y. 1992) (Heckman, Mag. J.).

The instant case does not appear to be unusually complex.   Balancing all of the above, the Court concludes that disclosure of such impeachment material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendant to have a fair opportunity to utilize the information at trial) is sufficient in this case.

IV.   Early Disclosure of Jencks Act Materials

Defendant next wants early disclosure of Jencks Act, 18 U.S.C. § 3500, material, in particular witnesses' statements and testimony, with disclosure no later than four weeks before trial (Docket No. 17, Def. Atty. Affirm. ¶¶ 21-22).   The Jencks Act governs the disclosure of information and statements relating to the Government's witnesses.   Generally, according to the Jencks Act, the Government need not disclose such information regarding its witnesses until <u>after</u> the witness has testified at trial.   In this case, the Government has agreed to disclose this information no later than two weeks before trial (Docket No. 18, Gov't Response at 6, 12).   The

defendant has not established that prior disclosure of Jencks material is essential to the preparation of a defense in this case.

## V.      Preservation of Rough Notes and Other Evidence

The defendant has also requested preservation of rough notes and other evidence taken by law enforcement agents involved.   The Government agreed to preserve all items of evidence (Docket No. 18, Gov't Response at 6).   This is sufficient.

## VI.     Government's Request for Reciprocal Discovery

The Government cross-moves for reciprocal discovery from the defendant (Docket No. 18, Gov't Response at 13-14), without any apparent objection by the defendant.   Under Rule 16, the Government is entitled to production of documents in a defendant's possession that the defendant intends to use in his case-in-chief.   Defendant is reminded of his obligations under Rule 16 to produce pursuant to the Government's notice for discovery, therefore, the Government's motion (Docket No. 18, Gov't Response at 13-14) is **granted**.

## CONCLUSION

For the reasons stated above, defendant's omnibus motion (Docket No. 17) is **granted in part, denied in part**, as specified above.   The Government's motion for reciprocal discovery (Docket No. 18, Gov't Response at 13-14) is **granted**.

So Ordered.

_/s/ Hugh B. Scott_
Hon. Hugh B. Scott
United States Magistrate Judge

Dated:   Buffalo, New York
December 30, 2014